**UNITED STATES of America,**

v.

**Jamal SMITH, Appellant.**

No. 05–2086.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 14, 2005.

Decided July 28, 2005.

Bea Witzleben, Office of United States Attorney, Philadelphia, PA, for United States of America.

Jamal Smith, Lisbon, OH, pro se.

Before SLOVITER, FUENTES and NYGAARD,* Circuit Judges.

OPINION

PER CURIAM.

Jamal Smith, proceeding *pro se,* appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to vacate sentence under 28 U.S.C. § 2255. We will summarily affirm the District Court's order.

In January 2004, Smith pled guilty to charges of conspiracy to make false statements with respect to the information required to be kept in the records of a federally licensed firearms dealer, and knowingly making, aiding and abetting and willfully causing the making of, such false statements. In April 2004, he was sentenced to a total term of seventy-two months in prison. On June 10, 2004, the District Court entered an order granting Smith's motion for reconsideration of sentence, and ordered that his sentence be adjusted to run partially concurrent with a state sentence. Smith did not file a direct appeal, and his judgment of sentence became final on June 24, 2004, when the ten-day appeal period expired.

In March 2005, Smith filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 purporting to raise a claim under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court denied the motion, holding that *Booker* does not apply retroactively to cases on collateral review. The District Court granted a certificate of appealability because this Court had yet to decide *Booker'*s retroactivity.

---

* Honorable Richard L. Nygaard assumed senior status on July 9, 2005.

Following the District Court's decision, we held that *Booker* does not apply retroactively to cases on collateral review. *Lloyd v. United States,* 407 F.3d 608, 615–16 (3d Cir.2005). Because Smith's judgment became final before *Booker* was issued on January 12, 2005, he may not bring a claim based upon *Booker* under § 2255. *See id.*

Accordingly, we will summarily affirm the order of the District Court.[1]

---

**1.** Smith's motion for appointment of counsel is denied.

